IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

In re U.S. LIQUIDS SECURITIES }
LITIGATION }
——————————————————————————— }
 } CIVIL ACTION NO. H-99-2785
 }
This Document Relates To ALL ACTIONS }
——————————————————————————— }

## ORDER

       Pending before the court are Individual Defendants, Earl Blackwell, Greg Orr, and Mike Lawlor's (hereinafter the "Defendants") and Motion for More Definite Statement (Doc. 131), Defendants' Motion for Summary Judgment on Standing (Doc. 146); also pending are the Plaintiffs' (i) Cross-Motion to Strike the Purported "Answers" of the Individual Defendants, (ii) Cross-Motion for Summary Judgment as to Liability, and (iii) Opposition to Defendants' Motion for a More Definite Statement (Doc's 137, 138, & 135, respectively, though contained in one Docket Instrument), the Plaintiffs' Motion for a Continuance Pursuant to Fed. R. Civ. P. 56(f) and for Leave to Supplement the Record (Doc. 153), Plaintiffs' Motion for Leave to Depose Witnesses Confined in Prison (Doc. 155) and Motion for Expedited Consideration of such request (Doc. 164), Plaintiffs' Motion to Continue Expert Witness Designation Cutoff for Environmental and Due Diligence Experts (Doc. 158) and Motion for Expedited Consideration of such request (Doc. 162).

       This securities class action was filed on August 31, 1999, naming as defendants U.S. Liquids, Inc., and three individual defendants.  (Doc. 1.)  On April 14, 2000, all defendants appeared and defended by filing a Motion to Dismiss the Consolidated Complaint (Doc. 30), which motion was subsequently the subject of extensive briefing.  On January 23, 2001, the court issued a Memorandum Opinion and Order on the Motion to Dismiss (Doc. 41), granting dismissal as to all claims under the Securities Exchange Act of 1934, and denying the motion as to the claims

brought under the Securities Act of 1933.  By Order entered April 29, 2002 (Doc. 88), and the

Order of June 12, 2002 (Doc. 97), the court dismissed Plaintiffs' Section 12(2) claims for lack of

standing.  Therefore, solely pending before the court are Plaintiffs' claims under Sections 11 and

15 of the Securities Act of 1933.

After its initial Memorandum Opinion of January 23, 2001, had there been no

request for leave to amend, and had the court simply denied the motion to dismiss, Federal Rule

of Civil Procedure 12(a)(4)(A) would have required Defendants to file their answers within 10

days of the court's order.  This timetable was modified by the court's order stating

> Plaintiffs are granted leave to file an amended complaint, if they are able, to cure
> the pleading deficiencies under the PLSRA and the Exchange Act or to inform the
> Court that they will not do so, within thirty days of the receipt of this order.  If
> appropriate, Defendants may file a supplemental motion to dismiss. (Doc. 41, pp.
> 86-87.)

In fact, on February 26, 2001, Plaintiffs requested additional time to replead (Doc. 42), which the

court granted through March 9, 2001.  (Doc. 43.)  On March 9, 2001, after being given 45 days to

replead, Plaintiffs informed the court they did not intend to do so.  (Doc. 44.)

On October 23, 2002, the parties jointly moved to stay the case (Doc. 111) to permit

resolution of a pending action involving National Union Fire Ins. Co. of Pittsburgh which had sued

Defendants (*Nat'l Union Fire Ins. Co. v. U.S. Liquids, Inc.*, No. H-01-1980 (S.D. Tex.), and in

which action the Honorable Sim Lake granted summary judgment ruling that the insurer had no

obligation (1) to indemnify Defendants under a directors' and officers' insurance policy or (2) to

advance defense costs in this matter.  (*See* Doc. 117.)  The court granted the request for stay on

October 24, 2002.  (Doc. 112.)  On March 9, 2004, Defendants gave notice that the insurance

proceeding had been resolved against coverage (Doc. 116), and, on April 30, 2004, Plaintiffs

moved to reactivate the case.  (Doc. 117.)  On August 19, 2004, Defendant U.S. Liquids filed a

suggestion of bankruptcy (Doc. 121), which, having invoked the automatic stay of the bankruptcy

rules, was subsequently lifted by the court with respect to the individual Defendants, at the Plaintiffs' request on December 17, 2001.  (Doc. 124.)

On March 1, 2005, after a scheduling order had been entered in the instant action (Doc. 130), and after the individual Defendants had substituted counsel, Defendants filed a Motion for More Definite Statement (Doc. 131), wherein they requested that pursuant to Fed. R. Civ. P. 12(e), the court order Plaintiffs to clarify their sixty page, 154 paragraph complaint, to address which claims Plaintiffs asserted still remained active after the court's orders, such that Defendants could address such claims in an appropriate answer.  At this point, Defendants *had not yet filed an answer* in the instant action.  Notwithstanding this request, Defendants filed answers for each of the individual Defendants on March 8, 9, and 16, 2005.  (Doc's 132-34.)

In response, Plaintiffs filed a (i) Cross-Motion to Strike the Purported "Answers" of the Individual Defendants, (ii) Cross-Motion for Summary Judgment as to Liability, and (iii) Opposition to Defendants' Motion for a More Definite Statement.  (Doc's 135, 137 & 138, hereinafter referred to as "Doc. 135" for sake of simplicity.)  Initially, Plaintiffs argue that Defendants failed to answer the Consolidated Complaint four years ago, either ten days after the court's partial denial of the motion to dismiss under Fed. R. Civ. P. 12(a)(4)(A), or more probably, after Defendants had opted not to modify their complaint, and had failed to move under Fed. R. Civ. P. 6(b)(2), for permission to file an answer after it was due.  (Doc. 135, p. 1.)  Therefore, Plaintiffs argued, Defendants answers should be stricken, Defendants should be deemed to have admitted all of the allegations in the Complaint, except as to damages, and as a result, Plaintiff's Motion for Summary Judgment be granted.  (*Id*. at p. 2.)

Fed. Rule Civ. P. 6(b) permits a act to be done "upon motion made after the expiration of the specified period" where "the failure to act was the result of excusable neglect." Factors to be considered under the "excusable neglect" standard include "the danger of prejudice

[to the non-moving party], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Midwest Employers Cas. Co. v. Williams*, 161 F.3d 877, 879 (5th Cir. 1998) (*citing Pioneer Investment Servs Co. v. Brunswick Assocs Ltd. P'ship*, 507 U.S. 380, 395 (1993)).

The court agrees with Defendants that Plaintiffs' request that Defendants' answers be struck, and the allegations of Plaintiffs' Consolidated Complaint be treated as admitted and that summary judgment should be entered against Defendants, finding them liable under Sections 11 and 15 of the Securities Act amounts, in reality, to a request for an *entry of default*. (Doc. 144, pp. 7, 17); *See Meehan v. Snow*, 652 F.2d 274, 276-77 (2d Cir. 1981). The court emphasizes that default has not been entered in this case by either the clerk or the court. Defendants have presented arguments that default *not* be entered following the "good cause" standard for a consideration of a Rule 55(c) motion. Federal Rule of Civil Procedure 55(c) provides that "[f]or good cause shown the court may set aside an entry of default and, if a judgment by default has been entered, may likewise set it aside in accordance with Rule 60(b)." Though the court is dealing here with the "good cause" standard applicable to a default, the court notes that default judgments are generally disfavored as the policy preference is for obtaining decisions on the merits. *Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998). The Fifth Circuit stated in *Systems Signs Supplies v. United States Dep't of Justice,* 903 F.2d 1011, 1013 (5th Cir. 1990) that "[t]o establish good cause, a litigant must demonstrate "at least as much as would be required to show excusable neglect, as to which simple inadvertence or mistake of counsel or ignorance of the rules usually does not suffice," and "[a]dditionally, the claimant must make a showing of good faith and establish "some reasonable basis for noncompliance within the time specified."" *Id.* (*citing Winters*, 776 F.2d 1304, 1306 (5th Cir. 1985) (*superseded on other grounds*).

The Court of Appeals "has left open the question whether the standard for relief from entries of default (Rule 55(a)) is more lenient than that for a default judgment (Rule 55(b))"; however, the court generally examines the same factors. *Id.* at 653 (*citing CJC Holdings, Inc. v. Wright & Lato, Inc.,* 979 F.2d 60, 63 n.1 (5th Cir. 1992)). The requirement of "good cause" has generally been interpreted liberally. *Id.* (*citing Amberg v. Federal Deposit Ins. Corp.*, 934 F.2d 681, (5th Cir. 1991). Three factors are examined for determining "good cause": (1) whether the failure to act was willful; (2) whether setting the default aside would prejudice the adversary; and, (3) whether a meritorious claim has been presented. *Lacy v. Sitel Corp.*, 227 F.3d 290, 292 (5th Cir. 2000). These factors are not 'talismanic,' and other factors may also be considered, including whether the defendant acted expeditiously to correct the default." *Id.* (*citing Dierschke v. O'Cheskey (In re Dierschke)*, 975 F.2d 181, 184 (5th Cir. 1992).

> In determining whether to enter a default judgment, the court may consider a variety of factors such as whether the defaulting party's failure to plead or otherwise defend was merely technical or de minimis or whether the default resulted from dilatory tactics or bad faith. Other factors that may influence the exercise of the court's discretion are the possibility of prejudice to plaintiff; the merits of the plaintiff's substantive claim; the sufficiency of the complaint; the sum at stake; and whether the default was due to excusable neglect. *Prive*, 161 F.3d at 893 (citing 10 James Wm. Moore et al., Moore's Federal Practice ¶ 55.20(2)(b) (3d ed. 2005).

Furthermore, the district court need not consider all the factors. *CJC Holdings*, *Inc.*, 979 F.2d at 64.

The "willfulness" inquiry involves asking whether the party's neglect was excusable. *CJC Holdings*, *Inc.*, 979 F.2d at 64. In looking at the procedural history of this case involving several stays and delays, the court does not consider Defendants' failure to file their answers earlier to be willful, especially as Plaintiffs did not begin emphasizing Defendants' failure to file answers until rather recently. With respect to prejudice, there is no prejudice to the Plaintiffs where "the setting aside of the default has done no harm to plaintiffs except to require them to prove their case; rather, "the plaintiff must show that the delay will result in the loss of

evidence, increased difficulties in discovery, or greater opportunities for fraud and collusion."
*Lacy*, 227 F.3d at 293.  As asserted by Defendants, Plaintiffs themselves requested an extension
of time to answer after the court issued its Memorandum and Opinion on January 23, 2001; in
addition, the parties conducted a case management conference, exchanged initial disclosures and
extensive discovery, actively litigated class certification issues, and attempted to reach an out of
court settlement.  (Doc. 144, Robertson Aff., Exh. 1, ¶ 6.)  Additionally, Defendants argued that
Plaintiffs were not prejudiced (Doc. 144, p. 9) because, as of Defendants' writing on April 13,
2005, Plaintiffs had sufficient time to continue with discovery under the scheduling order.  (Doc.
130.)  Under the third factor, even in the absence of willful neglect or unfair prejudice, a district
court may have the discretion *not* to upset a default judgment if the defaulting party fails to present
a meritorious case sufficient to support a finding on the merits for the defaulting party.  *See Id*.
(*emphasis added*).  As Defendants discuss, the Defendants have defended and are continuing to
defend in this action utilizing various theories which they are able to specify, and several important
issues and defenses remain pending in the case.  (Doc. 144, pp. 10-11.)  Finally, the court finds that
there is a general absence of evidence pointing to bad faith such that the neglect, if any, which
occurred here would be excusable.  Starting with the court's permissive language in its order of
January 23, 2001 (Doc. 41, pp. 86-87), and the Plaintiffs' requests for additional time to replead
(Doc. 42.), the prolonged nature of this case, caused by stays, parallel litigation, and settlement
negotiations, make the Defendants' failure to file answers excusable, especially as Plaintiffs also
did not argue that such a default was worthy of a "death penalty sanction" until recently.

   Therefore, the court will Deny Defendants, Earl Blackwell, Greg Orr, and Mike
Lawlor's (hereinafter the "Defendants") Motion for More Definite Statement (Doc. 131), and will
accept Defendants' answers as presently filed while Denying Plaintiffs' Cross-Motion to Strike

the Purported "Answers" of the Individual Defendants (Doc's 137).  As a result, the court will deny Defendants' Cross-Motion for Summary Judgment as to Liability.  (Doc. 138.)

The court does not presently rule on Defendants' Motion for Summary Judgment on Standing (Doc. 146), but while taking such motion under consideration in light of its prior rulings and the applicable law, the court agrees that discovery in which the parties wish to engage should continue post-haste and with flexible scheduling deadlines owing to the complexity of this action.  Therefore, the court orders that several other steps may be taken the first of which being that Plaintiffs' Motion for a Continuance Pursuant to Fed. R. Civ. P. 56(f) and for Leave to Supplement the Record (Doc. 153) is Granted and Plaintiffs should continue discovery with respect to the standing issues.  With respect to Plaintiffs' Motion to Continue Expert Witness Designation Cutoff for Environmental and Due Diligence Experts (Doc. 158) and Motion for Expedited Consideration of such request (Doc. 162), the court finds that the Motion for Expedited Consideration (Doc. 162) is Moot, but Grants Plaintiffs' Motion to Continue Expert Witness Designation Cutoff for Environmental and Due Diligence Experts (Doc. 158) and orders the parties to file their expert witness witness designations on or before October 31, 2005.  Furthermore, with respect to Plaintiffs' Motion for Leave to Depose Witnesses Confined in Prison (Doc. 155) and Motion for Expedited Consideration of such request (Doc. 164), once again the court finds the latter (Doc. 164) is Moot, but Grants Plaintiffs' Motion for Leave to Depose Witnesses Confined in Prison (Doc. 155).

Accordingly, it is hereby

ORDERED that Defendants, Earl Blackwell, Greg Orr, and Mike Lawlor's (hereinafter the "Defendants") Motion for More Definite Statement (Doc. 131), and Plaintiffs' Cross-Motion to Strike the Purported "Answers" of the Individual Defendants (Doc. 137) and Cross-Motion for Summary Judgment as to Liability (Doc. 138) are DENIED; it is further

ORDERED that while Defendants' Motion for Summary Judgment on Standing (Doc. 146) WILL REMAIN PENDING UNDER CONSIDERATION, Plaintiffs' Motion for a Continuance Pursuant to Fed. R. Civ. P. 56(f) and for Leave to Supplement the Record (Doc. 153) is GRANTED; and, it is further

ORDERED that while Plaintiffs' Motions for Expedited Consideration (Doc. 162 and 164) are MOOT, the underlying Motions for Leave to Depose Witnesses Confined in Prison (Doc. 155) and Motion to Continue Expert Witness Designation Cutoff for Environmental and Due Diligence Experts (Doc. 158) are GRANTED and the court GRANTS that the presently active Scheduling Order (Doc. 130) is AMENDED to permit parties to file their expert witness designations on or before October 31, 2005.

SIGNED at Houston, Texas, this 13th day of September, 2005.


MELINDA HARMON
UNITED STATES DISTRICT JUDGE